## PIERCE & WINANTS vs. VOORHEES & McINTYRE.

A party may have an order, granting referees leave to hold a meeting for the hearing of a cause, in a county other than that in which the venue is laid, where it appears that the ends of justice will best be promoted by it.

Although there may be no established precedent for such a course, *held*, that it comes within the spirit of the 49th section of the judiciary act.

The party for whose benefit such an order is granted, should, if required, stipulate to pay the expenses of the referees, while attending such meeting.

The Defendants moved for a rule granting the referees in this cause leave to hold a meeting in the city of New York or Brooklyn—the venue being in Albany. It appeared that in February, 1846, the Defendants moved to change the venue to Kings, upon an affidavit, in which they swore to the materiality of sixteen witnesses in or near Brooklyn. The motion was opposed by an affidavit on the part of the Plaintiffs, in which they swore to the materiality of twenty-five witnesses in Albany. Of course the motion was denied. Several meetings of the referees were held at Albany, and the testimony on the part of the Plaintiffs closed, having examined *six witnesses*, four of whom came from New York or Brooklyn, and testified that they had resided there ever since the commencement of this suit. The Defendants stated, that they could not proceed to take their testimony in Albany without great expense to themselves, and very great inconvenience and expense to their witnesses.

M. T. REYNOLDS, *for Defts.*
S. H. HAMMOND, *for Plffs.*

HARRIS, Justice.—We have in this case a practical illustration of the operation of the rules by which the court has heretofore been governed in determining the venue of actions. The Plaintiffs were able to retain the venue in Albany by swearing generally, to the materiality of twenty-five witnesses, when upon the trial they go through with their case and only call two witnesses who are residents of the county in which the venue is laid. Such abuses can only be prevented by a rigid application of the rule, which requires the party who would change the place of

trial to show "good cause therefor." And in deciding the question, whether or not such good cause is shown, very little weight should, in my judgment, be given to a mere enumeration of witnesses to whose materiality the party has sworn in the general form which has heretofore been required.

Although this application is, so far as I am aware, without precedent, I can perceive no good reason why it should not be granted. I think it is within the spirit of the provisions of the 49th section of the judiciary act, from which, it seems to have been intended by the legislature, that this court should so control the place of trial as best to promote the ends of justice. The Defendants may have a rule authorising the referees to meet in New York or Brooklyn for the examination of their witnesses, but they must, if required, stipulate to pay the expenses of the referees while attending such meeting, as a condition of the rule.